**William A. WOODS**

v.

**UNITED STATES.**

**No. 44–54.**

United States Court of Claims.
Jan. 15, 1958.

142

Calvin H. Childress, Washington, D. C., for plaintiff. Fred W. Shields, Washington, D. C., was on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge.

Plaintiff in this case is claiming increased retired pay under section 3 of the Act of January 12, 1923, 42 Stat. 1130, 1131 * which provides in part as follows:

> " * * * That hereafter when a commissioned officer of the Coast Guard who has had forty years' service shall retire, he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement; * * * "

Plaintiff was retired on March 1, 1939, as a chief warrant officer of the Coast Guard with over 37 years of active service. On January 1, 1942, plaintiff was recalled to active duty as a chief warrant officer and on September 23, 1943, he was given a temporary promotion to lieutenant under the Temporary Promotions Act of July 24, 1941, 55 Stat. 603. On August 1, 1946, plaintiff was released from active duty and, pursuant to section 10 (a) and (b) of the 1946 amendment to the 1941 Act (60 Stat. 26, 28), was advanced on the retired list to the grade of lieutenant, the "highest grade and rank in which, as determined by the Secretary of the Navy," he had "served satisfactorily under a temporary appointment." Plaintiff was given the retired rank and pay provided for in the 1941 Act as amended, but was not given the rank and pay of lieutenant commander to which he claims he was entitled under the 1923 Act because of his more than 40 years of active service.

The Act of January 12, 1923, on which plaintiff relies had not been repealed in 1946, and nothing in that act indicates that the "commissioned officers" referred to therein must have served as *commissioned* officers for the entire 40 years. Neither does the language of the 1923 Act indicate that a break in active service, during which break the officer is on the retired list, will deprive him of the benefits when he actually does complete 40 years of service.

We are of the opinion that the benefits of the 1923 statute were expressly reserved in the 1946 amendment to the 1941 Temporary Promotions Act under the provisions of subparagraph (e) of section 10 as amended:

> "(e) The highest rank in which an officer served on or prior to June 30, 1946 * * * is the highest rank in which the officer may be retired and upon which his retired pay may be based pursuant to this section, *unless under provisions of law other than those contained within this section he is entitled to a higher rank on the retired list or to a higher retired pay, * * * "* [Italics supplied.]

Section 3 of the 1923 Act was a "provision[s] of law other than those contained within" section 10 of the 1941 Act as amended, under which plaintiff was en-

---

* Now 14 U.S.C.A. § 421(b).

titled to the higher rank on the retired list, i. e., that of lieutenant commander, by virtue of his having completed more than 40 years of active duty in the Coast Guard.

Section 10(e) of the 1941 Act, as amended, was not referred to by either party to this lawsuit, but it appears to be applicable and to permit us to read the unrepealed [1] 1923 law with the 1941 law.

Defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover and judgment is entered to that effect with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge and MADDEN, Judge, concur.

WHITAKER, Judge (dissenting).

I cannot agree that plaintiff is entitled to the benefits of the Act of January 12, 1923 (42 Stat. 1130), which provides that when a *commissioned officer* of the Coast Guard retires he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement.

At the time plaintiff retired, this Act had no application to him because he was not a commissioned officer. But the majority says he later became a commissioned officer and, when he did, the Act became applicable to him and that he was entitled to its benefits upon his return to an inactive status.

The difficulty with this is that the only authority under which he acquired the status of a commissioned officer was the Temporary Promotions Act of 1941 (55 Stat. 603), as amended by the Act of

February 21, 1946 (60 Stat. 26), and this Act says that personnel promoted under its authority shall, upon their return to an inactive status, be placed on the retired list in the highest grade in which they had served satisfactorily, not in the next higher grade.

Section 10(a) of the 1941 Act as amended reads:

"Upon the termination of their temporary status such personnel on the active list of the Regular Navy and Marine Corps [2] shall assume their permanent status and those of the retired list * * * shall have, when returned to an inactive status, the highest grade and rank in which, * * * they served satisfactorily under a temporary appointment * * *."

Subsection (b) (1) of section 10 of the 1941 Act as amended provides:

"Personnel of the retired list returned to an inactive status with higher rank pursuant to subsection (a) shall receive retired pay computed at the rate prescribed by law and applicable in each individual case but based upon such higher rank. * * *"

Plaintiff was returned to inactive status as a lieutenant, which was the temporary rank to which he had been temporarily promoted, and he has been paid retired pay upon the basis of this higher rank.

This would seem to me to settle the matter, but the majority opinion says that he is entitled to a higher rank under section 10(e). This section provides:

"(e) The highest rank in which an officer served on or prior to June 10, 1946 * * * is the highest rank in which the officer may be retired and upon which his retired pay may be based pursuant to this section, *unless under provisions of law*

---

[1]. When the Act of January 12, 1923, was repealed by section 20 of the Act of August 4, 1949, 63 Stat. 561, 563, it was provided that any rights or liabilities then existing under the provisions of that act should not be affected by the repeal.

[2]. Under section 11 of this Act, this was made applicable to personnel of the Coast Guard.

*other than those contained within this section he is entitled to a higher rank on the retired list or to a higher retired pay \* \* \*."* [Italics supplied.]

The majority says that the above italicized portion of this section entitles plaintiff to one rank higher than the rank in which he served because he was entitled to this rank under the Act of 1923.

This seems to me fallacious for this reason: The 1923 Act could never have had any application to plaintiff except for his promotion under the authority of the Temporary Promotions Act of 1941, and this Act was plainly designed to define the rights of personnel promoted under its authority. When plaintiff retired on March 1, 1939, he could not claim the benefit of the 1923 Act because he was not a commissioned officer and, hence, I do not think the part of section 10(e) relied on by the majority has any application to plaintiff.

Plaintiff not having been entitled to the benefits of the Act of 1923 when he retired, and having become a commissioned officer only by virtue of the Temporary Promotions Act of 1941, in my opinion he is entitled only to the pay of the rank specified in that Act, which is "the highest grade and rank in which \* \* \* they served satisfactorily under a temporary appointment \* \* \*."

For these reasons I respectfully dissent.